UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEREK SHEPPARD,

        Petitioner,

                                                  Civil No. 16-cv-12257

v.                                      Honorable Thomas L. Ludington

MICHIGAN PAROLE BD., et al.,

        Respondents.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, SEVERING AND DISMISSING CIVIL RIGHTS CLAIMS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Derek Sheppard ("Petitioner"), a state prisoner currently confined at the Central Michigan Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] asserting that he is being held in violation of his constitutional rights. Petitioner is currently serving sentences for his Oakland County Circuit Court plea-based convictions for possession of a controlled substance (2–15 years imposed in 2003), receiving and concealing stolen property - motor vehicle (1–10 years imposed in 2006),

---

[1]Although Petitioner seeks to proceed under 28 U.S.C. § 2241, the Court notes that the exclusive remedy for a state prisoner seeking federal habeas relief is 28 U.S.C. § 2254. *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) ("numerous federal decisions . . . support the view that all petitions filed on behalf of persons in custody pursuant to state court judgments are filed under section 2254" and are subject to the requirements of the AEDPA); *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (when a state prisoner seeks habeas relief, but does not directly or indirectly challenge a state court conviction or sentence, the requirements of § 2254 apply no matter what statutory label is used because the detention arises from a state court process). In any event, the Court's analysis is the same under either provision.

and larceny from a motor vehicle (1–20 years imposed in 2008).  *See* Offender Profile, Michigan Offender Tracking Information System, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=300877.   In his pleadings, Petitioner does not challenge his state court convictions or the conditions of his confinement. Rather, he asserts that the Michigan Parole Board has improperly denied him parole.  He seeks release from custody and an order for the defendants to cease and desist unconstitutional practices.

## I.

### A.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *See Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be denied.

In order to demonstrate that he is entitled to habeas relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§§ 2241(c)(3); 2254(a). In challenging the Michigan Parole Board's denial of parole, Petitioner alleges violations of his due process rights under the Fourteenth Amendment.

The United States Supreme Court has definitively held that there is no right under the United States Constitution of a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Simply stated, there is no federal constitutional right to parole. *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990). Moreover, the Michigan courts have held that a liberty interest in parole does not arise under Michigan law. *See Hurst v. Department of Corr. Parole Bd.*, 119 Mich. App. 25, 29, 325 N.W.2d 615, 617 (1982) (ruling that state law "creates only a hope of early release," rather than a right to release); *see also Glover v. Michigan Parole Bd.*, 460 Mich. 511, 520–21, 596 N.W.2d 598, 603–04 (1999). The United States Court of Appeals for the Sixth Circuit has consistently ruled that Michigan's statutory parole scheme does not create a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc); *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011); *Foster v. Booker*, 595 F.3d 353, 368 (6th Cir. 2010); *Caldwell v. McNutt*, 158 F. App'x 739, 740-41 (6th Cir. 2006); *Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001). Petitioner thus has no reasonable expectation of, or protected interest in, release from custody until he has served his full sentences. Because Petitioner has no protected liberty interest in parole, he cannot establish that the Michigan Parole Board's decision denying him parole violated his constitutional rights. Additionally, Petitioner has not shown that he is being held beyond the

expiration of his sentences.  He thus fails to state a claim upon which federal habeas relief may be granted in his pleadings.  Habeas relief is not warranted.

## B.

A prisoner who does not seek immediate release on parole may challenge the procedures used by a parole board to deny him parole under 42 U.S.C. § 1983 after the exhaustion of available state remedies.  *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005); *see also Thomas v. Eby*, 481 F.3d 434, 439–40 (6th Cir. 2007) (plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence).  In this case, Petitioner seems to challenge the parole procedures, as well as the parole decision itself, even though he seeks release from custody and does not specifically request a new parole hearing.  In any event, to the extent that he wishes to pursue claims challenging the parole procedures, he must bring them in a properly filed civil rights action.  The requirements for pursuing a civil rights action in federal court differ from those in a habeas proceeding, including the payment of a $350.00 filing fee and a $50.00 administrative fee for a civil rights action versus a $5.00 filing fee for a habeas action.  Petitioner may not circumvent those requirements by filing a joint or hybrid action.  Accordingly, the Court shall sever and dismiss without prejudice Petitioner's potential civil rights claims.  The Court makes no determination as to the merits of those claims.

## II.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims and the habeas petition must be denied.  The Court also concludes that Petitioner's potential civil rights claims challenging the parole procedures should be severed and dismissed without prejudice.

Before Petitioner may appeal the Court's decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should be issued if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484–85. The Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims and that jurists of reason would not find the Court's procedural ruling as to the civil rights claims debatable. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a).

### III.

Accordingly, it is **ORDERED** that Sheppard's petition for a writ of habeas corpus, ECF No. 1, is **DENIED** and **DISMISSED with prejudice.**

It is further **ORDERED** that Sheppard's civil rights claims are **SEVERED** and **DISMISSED without prejudice.**

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED.**


Dated: September 26, 2016                             s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on September 26, 2016.

                              s/Kelly Winslow for
                              MICHAEL A. SIAN, Case Manager